| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>ROMANO GARUBO & ARGENTIERI<br>Emmanuel J. Argentieri, Esquire/3162<br>52 Newton Avenue, P.O. Box 456<br>Woodbury, New Jersey 08096<br>(856) 384-1515<br>Attorneys for Creditor,<br>KEY BANK, N.A. |
|---|
| CHRISTOPHER R. BYERS<br>XXX-XX-7957<br><br>                    Debtor. |

**Order Filed on January 16, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 13

Judge: ABA

Case No. 17-14245

Hearing Date:  January 9, 2018

## ORDER RESOLVING KEY BANK, N.A.'s MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

   The relief set forth on the following pages numbered two (2) through three (3) are hereby **ORDERED**.

**DATED: January 16, 2018**

_____
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtor:   CHRISTOPHER R. BYERS
Case No:  17-14245/ABA
Caption of Order: ORDER RESOLVING RELIEF MOTION

Upon consideration of ("Movant") KEY BANK, N.A.'s motion for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain personal property as hereinafter set forth; and the Debtor having filed opposition thereto; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Consent Order; and for cause shown, it is hereby;

      **ORDERED** as follows:

1.    Debtor's post-petition arrearages through December 15, 2017 total $1,847.20 (3/15/17 through 12/15/17 payments at $234.72 each, less two $250.00 payments received from Debtor on 3/17/17 and 5/8/17).

2.    The aforesaid arrearages shall be rolled into Debtor's Chapter 13 plan as an administrative claim and shall be paid to Movant over the remaining term of Debtor's plan.

3.    The Trustee shall adjust her records to reflect the increased amount due to Movant pursuant to this order and pay said increased claim to Movant in normal course.

4.    Debtor shall tender his January 15, 2018 post-petition installment payment on or before the close of business for January 15, 2018 directly to Movant.

5.    Commencing with the February 15, 2018 post-petition installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

6.    Debtor shall reimburse Movant through his Chapter 13 Plan of Reorganization as an administrative claim the sum of $531.00 for attorney's fees and costs incurred by Movant in the prosecution of its motion for relief from stay.

**(Page 3)**
Debtor:   CHRISTOPHER R. BYERS
Case No:  17-14245/ABA
Caption of Order: ORDER RESOLVING RELIEF MOTION

7. **Thirty-Day Default Clause:**    If the Debtor should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant, its successors and/or assigns, for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to creditor's enforcement of its State Law collection action against the lease for personal property; to wit:  2011 Dodge Journey, VIN #3D4PG4FB1BT508514.  The order submitted to the Court will not require the consent of the debtor or the debtor's counsel regarding form or substance, however, the trustee, debtor and his counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

8. **Ninety-Day Default Clause as to Trustee Payments:**    If the Debtor should default and fail to make future payments that come due during the pendency of this case to the Chapter 13 Trustee for more than (90) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to creditor's enforcement of its State Law collection action against the lease for personal property; to wit:  2011 Dodge Journey, VIN #3D4PG4FB1BT508514.  The order submitted to the Court will not require the consent of the debtors or the debtors' counsel regarding form or substance, however, the trustee, debtor and his counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

8. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the court.