**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                           Case No.:     _____17-14245_____

Christopher R. Byers                             Judge:     _____ABA_____

                    Debtor(s)

## Chapter 13 Plan and Motions

☐  Original          ☒  Modified/Notice Required          Date:    ___02/02/2018___

☐  Motions Included  ☐  Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___BB___     Initial Debtor: ___CB___     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____103.00_____ per _____month_____ to the Chapter 13 Trustee, starting on
_____03/01/2018_____ for approximately _____25_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:   Adequate Protection ☐ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:   Priority Claims (Including Administrative Expenses)**

  a.   All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $  1,040.99 |
| DOMESTIC SUPPORT OBLIGATION | | |

  b.   Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

    ☒ None

    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:     Secured Claims**

**a.  Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c.  Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|----------|-----------|----------------|------------------------|----------------|-------------------------------------------|----------------------|-------------------------|
|          |           |                |                        |                |                                           |                      |                         |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|---------------------------------|--------------------------|
|          |                              |                                 |                          |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

The following secured claims are unaffected by the Plan:

M&T Bank
Keybank
Suntrust Bank

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|----------------------|--------------|----------------|---------------------|----------------------------|---------------------------------------------|------------------------------|
|          |                      |              |                |                     |                            |                                             |                              |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.   ☐ NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|------------|----------------|------------------------|----------------|--------------------------------------------|-----------------------------------------|
|          |            |                |                        |                |                                            |                                         |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|-----------|----------------|------------------------|-----------------------------|----------------------------------------|
|          |           |                |                        |                             |                                        |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☐  Upon confirmation

☒  Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2)  Priority claims

3)  Unsecured claims

4) _____

**d.  Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:   Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____03/03/2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor has been approved for a loan modification. | Debtor shall no longer participate in Loss Mitigation. The MP and amended J are being filed pursuant to the January 31, 2018 Order Approving Loan Modification. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☒   Yes      ☐   No

**Part 10:   Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _02/02/2018_____          /s/ Bruno Bellucci, III_____
                                                                        Attorney for the Debtor


Date: _02/02/2018_____           /s/ Christopher R. Byers_____
                                                                        Debtor


Date: _____          _____
                                                                        Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 02/02/2018 _____          /s/ Bruno Bellucci, III _____
                                                  Attorney for the Debtor


I certify under penalty of perjury that the above is true.

Date: 02/02/2018 _____          /s/ Christopher R. Byers _____
                                                  Debtor


Date: _____            _____
                                                  Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                              Case No. 17-14245-ABA
Christopher R. Byers                                                Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin          Page 1 of 2          Date Rcvd: Feb 05, 2018
                             Form ID: pdf901       Total Noticed: 21

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 07, 2018.
db            +Christopher R. Byers,    405 S. Poplar Ave.,    Absecon, NJ 08205-4568
cr            +SunTrust Bank, c/o Morton & Craig, LLC,    110 Marter Ave., Suite 301,
               Moorestown, NJ 08057-3124
516681437    ++BANK OF AMERICA,    PO BOX 982238,   EL PASO TX 79998-2238
               (address filed with court: Bank of America,    PO Box 982238,   El Paso, TX 79998)
516829782     +Bank of America, N.A.,    P O Box 982284,   El Paso, TX 79998-2284
516681438     +Capital One Bank,    PO Box 30281,   Salt Lake City, UT 84130-0281
516681439     +Comenity Capital,    PO Box 183003,   Columbus, OH 43218-3003
516681442     +Kivitz McKeever & Lee, P.C.,    216 Haddon Avenue, Suite 406,   Collingswood, NJ 08108-2812
516692526     +SunTrust Bank,    Attn: Support Services,    P.O. Box 85092,   Richmond, VA 23286-0001
516681445     +Suntrust Bank,    PO Box 85526,   Richmond, VA 23285-5526

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Feb 05 2018 23:27:22      U.S. Attorney,    970 Broad St.,
               Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 05 2018 23:27:19      United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
516681440     +E-mail/PDF: creditonebknotifications@resurgent.com Feb 05 2018 23:36:04     Credit One Bank,
               585 E Pilot Rd.,   Las Vegas, NV 89119-3619
516681441     +E-mail/Text: key_bankruptcy_ebnc@keybank.com Feb 05 2018 23:27:32      Keybank,
               4910 Tiedeman Rd.,   Cleveland, OH 44144-2338
516797460      E-mail/Text: camanagement@mtb.com Feb 05 2018 23:27:08      M&T Bank,   P.O. Box 840,
               Buffalo, NY 14240-0840
516681443      E-mail/Text: camanagement@mtb.com Feb 05 2018 23:27:08      M&T Bank,   PO Box 900,
               Millsboro, DE 19966
516838881     +E-mail/Text: bankruptcydpt@mcmcg.com Feb 05 2018 23:27:19      MIDLAND FUNDING LLC,
               PO BOX 2011,   WARREN, MI 48090-2011
516681444     +E-mail/Text: bankruptcydpt@mcmcg.com Feb 05 2018 23:27:19      Midland Funding, LLC,
               2365 Northside Dr., Ste. 300,    San Diego, CA 92108-2709
516922632      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 05 2018 23:35:55
               Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
               Norfolk VA 23541
516683030     +E-mail/PDF: gecsedi@recoverycorp.com Feb 05 2018 23:30:30      Synchrony Bank,
               c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
516868437     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Feb 05 2018 23:36:05      Verizon,
               by American InfoSource LP as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
516681446     +E-mail/PDF: gecsedi@recoverycorp.com Feb 05 2018 23:30:30      Walmart / SYNCB,   PO Box 965024,
               Orlando, FL 32896-5024
                                                                                   TOTAL: 12


        ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*          +Kivitz McKeever & Lee, P.C.,    216 Haddon Avenue,   Suite 406,   Collingswood, NJ 08108-2812
lm*          ++M&T BANK,   LEGAL DOCUMENT PROCESSING,    1100 WHERLE DRIVE,   WILLIAMSVILLE NY 14221-7748
               (address filed with court: M&T Bank,    PO Box 900,   Millsboro, DE  19966)
                                                                         TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2018                          Signature:   /s/Joseph Speetjens

District/off: 0312-1          User: admin              Page 2 of 2            Date Rcvd: Feb 05, 2018
                             Form ID: pdf901           Total Noticed: 21

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 2, 2018 at the address(es) listed below:
         Bruno  Bellucci, III    on behalf of Debtor Christopher R. Byers jkearney@belluccilaw.net,
         bbellucci@belluccilaw.net,lcanizzaro@belluccilaw.net,kpalermo@belluccilaw.net
         Denise E. Carlon    on behalf of Creditor    M&T BANK dcarlon@kmllawgroup.com,
         bkgroup@kmllawgroup.com
         Emmanuel J. Argentieri    on behalf of Creditor    KEY  BANK, N.A. bk@rgalegal.com
         Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
         summarymail@standingtrustee.com
         Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
         John R. Morton, Jr.    on behalf of Creditor    SunTrust Bank, c/o Morton & Craig, LLC
         ecfmail@mortoncraig.com,   mortoncraigecf@gmail.com
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 7