| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>ROMANO GARUBO & ARGENTIERI<br>Emmanuel J. Argentieri, Esquire/3162<br>52 Newton Avenue, P.O. Box 456<br>Woodbury, New Jersey 08096<br>(856) 384-1515<br>Attorneys for Creditor,<br>KEY BANK, N.A. |
| CHRISTOPHER R. BYERS<br>XXX-XX-7957<br><br>                        Debtor. |

**Order Filed on April 10, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 13

Judge: ABA

Case No. 17-14245

Hearing Date:  April 3, 2018


### ORDER RESOLVING KEY BANK, N.A.'s APPLICATION
### FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages numbered two (2) through three (3) are hereby **ORDERED**.

**DATED: April 10, 2018**

_____
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtor: CHRISTOPHER R. BYERS
Case No: 17-14245/ABA
Caption of Order: ORDER RESOLVING RELIEF APPLICATION

---

Upon consideration of ("Movant") KEY BANK, N.A.'s application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay as to certain personal property as hereinafter set forth; and the Debtor having filed opposition thereto; and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Consent Order; and for cause shown, it is hereby;   **ORDERED** as follows:

1. Debtor's post-petition arrearages through March 15, 2018 total $204.16.

2. On or before the close of business for April 9, 2018, Debtor shall tender the sum of $204.16 directly to Movant. If Debtor does not tender the payment by April 9, 2018, then Movant may immediately file a certification of default on notice to debtor and his counsel.

3. Commencing with the April 15, 2018 post-petition installment payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

4. Debtor shall reimburse Movant through his Chapter 13 Plan of Reorganization as an administrative claim the sum of $350.00 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

5. **Thirty-Day Default Clause:**   If the Debtor should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant, its successors and/or assigns, for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to creditor's enforcement of

**(Page 3)**
Debtor:  CHRISTOPHER R. BYERS
Case No: 17-14245/ABA
Caption of Order: ORDER RESOLVING RELIEF APPLICATION

---

its State Law collection action against the lease for personal property; to wit: 2011 Dodge Journey, VIN #3D4PG4FB1BT508514. The order submitted to the Court will not require the consent of the debtor or the debtor's counsel regarding form or substance, however, the trustee, debtor and his counsel shall be given notice of any filing of a certification of non-receipt in accordance with Rule 9072-1 of the Local Rules of Bankruptcy Procedure.

6. Movant shall serve a copy of the executed order on all interested parties who have not yet been served electronically by the court.