UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

 PARKER, McCAY, P.A.
BRIAN E. CAINE, ESQ.
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054
(856) 985-4059
Attorney for Secured Creditor, M&T Bank, its
successors and/or assigns

Order Filed on September 6, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Christopher R. Byers

Case No. 17-14245-ABA

Hearing Date:  August 28, 2018

Judge: ALTENBURG

## ORDER RESOLVING M&T BANK'S
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**.

**DATED: September 6, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtors: Christopher R. Byers
Case No:  17-14245-ABA
Caption of Order:  Order Resolving M&T Bank's Motion for Relief from Stay

Upon consideration of M&T Bank, its successors and/or assigns (hereinafter "Movant") application for an order, pursuant to section 362(d) of the Bankruptcy Code, for relief from the automatic stay (filed at docket number 84) as to certain real property as hereinafter set forth, and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for cause shown, it is hereby;

**ORDERED** as follows:

1.      As of August 28, 2018, the post-petition arrears total **$15,815.00**.  The Debtor is due for the December 1, 2017 through and including August 1, 2018 post-petition payments.

|  |  |
|---|---|
| 9 payments @ $1,821.50: | $16,393.50 |
| Suspense Balance: | ($578.50) |

Said arrearages shall be cured by Debtors as follows:

a)      The debtor shall make a payment of $8,000.00 due by September 1, 2018.

This amount will satisfy the regular monthly payment of $1,821.50 due September 1, 2018 and the remaining $6,178.50 will be applied towards the post-petition arrears of $15,815.00.

b)   Commencing with the October 1, 2019 monthly post-petition mortgage payment and continuing each month thereafter through and including the February 1, 2019 monthly post-petition mortgage payment, Debtors shall cure the remaining arrearages ($9,636.50), by tendering directly to Movant the regular monthly post-petition mortgage payment plus an additional payment of $1,927.30 which represents 1/5 of the total sum of the post-petition arrearages.

**(Page 3)**
Debtors: Norman F. Harris, Jr. & Theresa T. Harris
Case No:  17-14245-ABA
Caption of Order:  Order Resolving M&T Bank's Motion for Relief from Stay

2.      Commencing with the March 1, 2019 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtors shall remit payments directly to Movant as same come due.

3.      Debtors shall reimburse Movant through their Chapter 13 Plan of Reorganization, as an administrative claim, the sum of $831 for attorney's fees and costs incurred by Movant in the prosecution of its application for relief from stay.

4.      **Thirty-Day Default Clause:**  If the Debtor should default and fail to make the payments stated herein or any future payments that come due during the pendency of this case to Movant for more than (30) days from the due date, then upon certification of non-receipt of said payments in accordance herewith submitted by secured creditor's counsel, the Court shall enter an Order, vacating the automatic stay of 11 *U.S.C.* §362(a) with respect to the realty commonly known as 405 S Poplar Avenue, Galloway, NJ 08205.  The Order submitted to the Court will not require the consent of the Debtor or the Debtor's counsel regarding form or substance, however, the Trustee, Debtor and their counsel shall be given notice of any filing of a certification of non-receipt in accordance with the Local Rules of Bankruptcy Procedure.

5.      If the case is converted to a Chapter 7, the Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay.

6.      Movant may serve a copy of the executed order on all interested parties who have not yet been served electronically by the Court.